IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

KEVIN JAMES,
    Plaintiff,

v.                                    Case No. 3:24-cv-03155-JEH

SHANA CLARKSON,
    Defendant.

### Order

This matter is now before the Court on Defendant Shana Clarkson's Motion for Summary Judgment on Exhaustion under Federal Rule of Civil Procedure 56 and Local Rule 7.1(D). (Doc. 22). For the reasons stated below, Defendant's Motion is GRANTED.

**I**

Plaintiff Kevin James, proceeding *pro se* and incarcerated at Western Illinois Correctional Center ("Western"), filed a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. (Doc. 8). The Court entered a Merit Review Order allowing Plaintiff to proceed on an Eighth Amendment claim against Defendant Clarkson, who was allegedly deliberately indifferent to Plaintiff's serious medical needs. (Doc. 11). Specifically, Plaintiff alleges Defendant Clarkson delayed his medication for high cholesterol between May 2024 and July 3, 2024, and disregarded pain in his shoulders, arms, chest, back, and hips. Defendant Clarkson filed a Motion to Summary Judgment on Exhaustion (Doc. 22), Plaintiff filed a Response (Doc. 26), and Defendant filed a Reply (Doc. 29).

II

A

As an initial matter, the Court notes Plaintiff's Response fails to properly respond to any of Defendant's Undisputed Material Facts pursuant to the Court's Local Rules. Local Rule 7.1(D)(2)(b) provides that a response to a summary judgment motion must state, in separate subsections: undisputed material facts, disputed material facts, disputed immaterial facts, undisputed immaterial facts, and additional material facts. Civil LR 7.1(D)(2)(b)(1)-(4). "A failure to respond to any numbered fact will be deemed an admission of the fact." *Id.* at (6). Therefore, the Court deems Defendant's Undisputed Material Facts to have been admitted by Plaintiff. That being said, the Court will exercise its discretion by reviewing the materials in the record and the arguments in Plaintiff's Response, as the Court "is confident in its ability to understand which material facts are actually in dispute." *Latko v. Cox*, 2021 WL 5234863, at *2 (7th Cir. Nov. 10, 2021); *White v. Felchner*, 2021 WL 3223067, at *2 (C.D. Ill. July 29, 2021).

B

Plaintiff is an inmate in the custody of the Illinois Department of Corrections ("IDOC") and incarcerated at Western. Defendant Clarkson was a nurse practitioner who provided medical care to inmates at Western.

The IDOC Administrative Review Board ("ARB") received four grievances from Plaintiff between December 1, 2023 and May 22, 2025. (Doc. 22-1 at ¶ 9). One grievance (#23-4096) related to Plaintiff's medical care, but it did not refer to Defendant Clarkson or the claims in this case. (Doc. 22-3 at pp. 10-12).

In grievance #23-4096, Plaintiff alleged he experienced a delay in receiving dental treatment and prescribed medications, including Robaxin, Naproxen, Selsun shampoo, and nasal spray. *Id.* at p. 11. Plaintiff's grievance did not identify Defendant Clarkson by name or description and failed to state or allege any

specific act or omission by Defendant Clarkson. Additionally, the grievance referred to different medications than the cholesterol medication (Lipitor) referenced in Plaintiff's Complaint. (Doc. 8 at p. 3). On October 19, 2023, the Grievance Officer recommended the grievance be found moot. (Doc. 22-3 at p. 10). On October 20, 2023, the Chief Administrative Officer ("CAO") concurred. *Id.* Plaintiff appealed his grievance to the ARB. On February 23, 2024, the ARB issued its decision. *Id*. at p. 9.

Plaintiff did not submit any additional grievances to the ARB regarding his medical care during the relevant time period. (Doc. 22-1 at ¶ 11). Plaintiff attached three additional grievances to his Response, but admits these grievances were not appealed to the ARB. (Doc. 26 at p. 5; Doc. 26-1 at pp. 10-15).

### III

### A

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In ruling on a motion for summary judgment, "[t]he court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). In making this determination, the court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "Inferences that are supported by only speculation or conjecture will not defeat a summary judgment motion." *McDonald v. Vill. of Winnetka*, 371 F.3d 992, 1001 (7th Cir. 2004). In order to successfully oppose a motion for summary judgment, a plaintiff must do more than raise a "'metaphysical doubt' as to the material facts, and instead must present definite,

competent evidence to rebut the motion." *Michael v. St. Joseph Cnty.*, 259 F.3d 842, 845 (7th Cir. 2001) (internal citation omitted).

**B**

"The Prison Litigation Reform Act of 1995 (PLRA) requires prisoners with complaints about prison conditions to exhaust available grievance procedures before bringing suit in federal court." *Perttu v. Richards*, 605 U.S. 460, 464 (2025). The defendant has the burden of proving that a plaintiff failed to exhaust administrative remedies. *Banks v. Patton*, 743 F. App'x 690, 695 (7th Cir. 2018). Parties "have a right to a jury trial on PLRA exhaustion when that issue is intertwined with the merits of a claim . . . ." *Perttu*, 605 U.S. at 469. Here, the exhaustion issue is not intertwined with the merits of Plaintiff's claims. There is no jury issue regarding exhaustion of administrative remedies.

"To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Plaintiff was required to follow the grievance procedures described in the regulations provided by the Illinois Department of Corrections ("IDOC"). 20 Ill. Admin. Code § 504.800, *et seq*.

According to the grievance procedure in Illinois, offenders in the custody of the IDOC must first try to resolve their issues through their counselor. § 504.810. If the issue persists, the offender may file a grievance addressed to the grievance officer within 60 days after the incident was discovered. *Id*. The grievance must contain factual details, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint. § 504.810(c). If the offender cannot name specific individuals, the offender "must include as much descriptive information about the individual as possible." *Id*. The grievance officer will then make a report of findings and recommendations in writing to the Chief Administrative Officer ("CAO") within two months, "when

4

reasonably feasible under the circumstances." §§ 504.810(a), 504.830(e). The CAO will advise the offender of the decision. *Id*. If the offender is not satisfied with the outcome, he may appeal to the Director of IDOC. The appeal must be received by the Administrative Review Board ("ARB") within 30 days after the date of the decision. § 504.850. The ARB will submit a report to the Director, who will review the findings and make a final determination within six months after receiving it, "when reasonably feasible under the circumstances." § 504.850(e).

An inmate who fails to properly take every step of the administrative process has failed to exhaust his remedies. *Chambers v. Sood*, 956 F.3d 979, 983 (7th Cir. 2020). The Seventh Circuit takes a strict compliance approach to exhaustion, requiring inmates to follow all grievance rules established by the correctional authority. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Failure to exhaust administrative remedies is an affirmative defense, and defendants have the burden of proving the inmate had available remedies he did not utilize. *Id*. A lawsuit filed by an inmate before he exhausted his administrative remedies must be dismissed because the court lacks the discretion to resolve the claim on the merits. *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999); *Jones v. Bock*, 549 U.S. 199, 223 (2007).

C

Defendant argues Plaintiff failed to exhaust his administrative remedies because Grievance #23-4096 did not identify Defendant by name or description or complain about Defendant's conduct. IDOC prison regulations require grievances to "contain factual details regarding each aspect of the offender's complaint, including what happened, when, where and the name of each person who is the subject of or who is otherwise involved in the complaint." § 504.810(c). A grievance that fails to complain of a defendant's conduct does not satisfy the purpose of the exhaustion requirement in affording corrections officials time and opportunity to

address complaints internally before allowing initiation of a lawsuit. *See Hacker v. Dart*, 62 F.4th 1073, 1084 (7th Cir. 2023) (citing *Porter v. Nussle*, 534 U.S. 516, 525 (2002)). A plaintiff who does not provide this necessary information fails to exhaust. *Roberts v. Neal*, 745 F.3d 232, 235-36 (7th Cir. 2014) (failing to identify the target of a grievance is fatal under Illinois law); *see also Barrow v. Wexford Health Sources, Inc.*, 793 F. App'x 420, 423 (7th Cir. 2019) ("Barrow did not exhaust his remedies with respect to Dr. Trost because he did not name the doctor in any grievance submitted before he commenced this lawsuit").

In Plaintiff's Response, Plaintiff argues he "met all of IDOC requirements to exhaust his administrative remedies, and [] was never properly provided medical care for his injuries and still hasn't to this day." (Doc. 26). Plaintiff offers no evidence or argument to address why Grievance #23-4096 failed to identify or complain about Defendant Clarkson. Plaintiff asserts he completed the first step of the grievance process by filing three other grievances identifying Defendant Clarkson. *Id.* at p. 4; Doc. 26-1 at pp. 10-15. Plaintiff admits he did not appeal these grievances to the ARB. *Id.* at p. 5.

The Court finds Plaintiff failed to exhaust his administrative remedies because Greivance # 23-4096—the only exhausted grievance related to his medical care—did not identify Defendant Clarkson by name or description and failed to complain about her conduct. Although Plaintiff filed additional grievances complaining about Defendant Clarkson and a lack of cholesterol medication, he did not exhaust these grievances by appealing to the ARB. The PLRA is not satisfied through substantial compliance or "good faith" efforts to pursue a claim. *See Chambers*, 956 F.3d at 983. The Seventh Circuit requires "a strict compliance approach to exhaustion." *Dole*, 438 F.3d at 809. Therefore, Defendant's Motion for Summary Judgment is GRANTED.

6

**IT IS THEREFORE ORDERED:**

1) **Defendant's Motion for Summary Judgment on Exhaustion [22] is GRANTED. Defendant Shana Clarkson is DISMISSED WITHOUT PREJUDICE. The Clerk is directed to enter judgment and close this case.**

2) **If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). If Plaintiff wishes to proceed** *in forma pauperis* **on appeal, his motion for leave to appeal** *in forma pauperis* **must identify the issues Plaintiff will present on appeal to assist the Court in determining whether the appeal is taken in good faith. See Fed. R. App. P. 24(a)(1)(c);** *see also Celske v. Edwards*, **164 F.3d 396, 398 (7th Cir. 1999) (an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a responsible assessment of the issue of good faith.");** *Walker v. O'Brien*, **216 F.3d 626, 632 (7th Cir. 2000) (providing that a good faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee regardless of the outcome of the appeal.**

*It is so ordered.*

Entered: October 24, 2025

s/Jonathan E. Hawley
U.S. District Judge